Filed 7/24/25  P. v. Lewison CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B336377 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA128580 |
| STEVEN SCOTT LEWISON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Steven Scott Lewison appeals from a judgment of conviction after the trial court found him in violation of his probation based on a new case. Lewison's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In September 2021, the People charged Lewison with possession of personal identifying information with intent to defraud in violation of Penal Code section 530.5, subdivision (c)(2) (count 1) and possession of burglar's tools in violation of section 466 (count 2).[1] The People alleged Lewison had a prior conviction for violating section 530.5, subdivision (c)(2) as well as a prior strike for burglary.

Lewison appeared before the court in custody on October 12, 2021. Lewison apparently had failed to appear for arraignment on September 27, 2021. The court released Lewison on his own recognizance on the condition that he enroll "immediately" in a residential drug treatment program (or, at a minimum, an outpatient program pending enrollment in a residential program). An October 25, 2021 letter from an outpatient program informed the court Lewison was "undergoing medicated assisted treatment." On October 26, 2021, Lewison appeared in court with counsel, who told the judge Lewison was "expecting a call" for a residential program on November 2. The court set the next date for December 8, 2021.

On December 8, Lewison did not appear in court. Defense counsel told the court that Lewison's mother had been "present" earlier and had informed counsel that Lewison had "left the

---

[1]     References to statutes are to the Penal Code unless otherwise stated.

program due to family issues but [was] looking for family counseling." The court issued a bench warrant.

Lewison appeared in court on January 26, 2022. He entered into a plea agreement with the People. Lewison pleaded no contest to count 1 and admitted his prior conviction for the same charge. (Lewison was not asked to admit his strike prior.) In accordance with the plea agreement, the court suspended imposition of sentence and placed Lewison on formal felony probation for two years. The court ordered Lewison to complete six months of drug treatment: three months of residential treatment and three months of outpatient treatment. Among many other terms of his probation, Lewison was to "obey all laws." The court ordered, "Defendant shall commit no further violation[s] of law."

Lewison appeared again before the court on April 3, 2023. Lewison had a new pending case, Case No. KA132437, for a violation of Health & Safety Code section 11352. That new case went to trial in December 2023. At trial, a Pomona police officer testified he stopped a truck on February 26, 2023, after he saw it swerving and straddling lanes. Lewison was driving. The officer found six baggies of fentanyl in the truck.

The jury acquitted Lewison of transportation of a controlled substance for sale under Health & Safety section 11352, subdivision (a), and convicted him of the lesser charge of simple possession of a controlled substance in violation of Health & Safety Code section 11350, a misdemeanor.

On December 28, 2023, the court found Lewison in violation of probation in this case in light of the new conviction in the fentanyl case. The court sentenced Lewison to two years on the felony and one year, consecutive, on the misdemeanor,

3

to be served in local custody.  The court awarded Lewison 730 days of credit and released him for time served.

Lewison appealed and we appointed counsel to represent him.  After examining the record, counsel filed an opening brief raising no issues.  Counsel noted in a declaration that a staff attorney at the California Appellate Project also had reviewed the case.  Counsel asked this court independently to review the record under *Wende, supra,* 25 Cal.3d 436.  Counsel stated she had sent a letter to Lewison, together with "a copy of the record on appeal," and had notified him he could "personally file a supplemental brief in this case raising any issues" he "[chose] to call to the court's attention."  We have not received a supplemental brief from Lewison.

We have independently reviewed the record and find no arguable issues.  We are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm Steven Scott Lewison's conviction and sentence.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.